No. 63

SUMMIT AUTO CO. v. JENKINS

Ohio Appeals, 9th Dist., Summit Co.

No. 1054.  Decided Nov. 9, 1925

633. INFANTS—1. An infant is not estopped from setting up his infancy in avoidance of a contract when he purchased an automobile and misrepresented his age.

2. Infant entitled to recover back amount paid by him regardless of depreciation and wear and tear on automobile.

FUNK, J.

Arlie Jenkins, who was then a minor, together with another minor, one Weber, purchased of the Summit Auto Co. an automobile for $600. They paid $200 cash and agreed to pay out the balance in monthly installments. The total amount paid was $394.96. The notes were secured by a chattel mortgage upon the automobile signed by both Jenkins and Weber.

Several payments were made and upon failure to receive further payments, the Auto Co. located and took possession of the machine and held it pending payment of the balance due on the purchase price. Jenkins, by his father and next friend, commenced suit in the Akron Municipal Court to recover the money paid to the Auto Co., The Court found in favor of Jenkins for $400 and the judgment was affirmed by the Court of Common Pleas.

Error was prosecuted, and it was contended by the Auto Co. that Jenkins represented that he was 22 years of age at the time of the purchase; that he was working and spent his money as he saw fit; and that it would not have made the sale if Jenkins had given his correct age. The Court of Appeals held:

1. The sole question at issue, is: Does a minor's fraudulent misrepresentation that he is of legal age, estop him from avoiding his written contract for the purchase of personal property (not necessaries) and from recovering back the amount paid?

2. The rule in Lemmon v. Beeman, 45 OS. 505 announced that an infant may disaffirm a purchase of personality, not necessaries, made during minority and recover back the consideration paid, without restoring the property so purchased if it ceases to be in his possession or subject to his control.

3. Since the question of misrepresentation is not an element in the above case, the question is: "Is the rule otherwise when the minor falsely misrepresents himself to be of legal age?"

4. The holding that the misrepresentation of a minor as to his age at the making of a contract will make him liable is upon the theory that he is liable in an action ex delicto for the injury resulting from his wrongful misrepresentation.

5. The better rule is that misrepresentation by a minor as to his age at the time of making the contract, does not change the rule in 45 OS. 505 and that although the general rule is that an infant is liable for his tort where the act is purely tortious, yet if the act arises ex contractu, he is not liable.

6. To make a minor liable for a tort connected with a contract, the tort must be a distinct and substantive wrong in itself without reference to the contract.

Judgment of Common Pleas affirmed.

Attorneys—Dwight G. Hay for Auto. Co.; E. G. Hammond and Paul G. Scearce for Jenkins; all of Akron.